# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **SISKIYOU REGIONAL EDUCATION PROJECT**, | ) ) | CV-05-1429 |
| Plaintiff, | ) ) | Opinion and Order |
| v. | ) ) | |
| **UNITED STATES FOREST SERVICE**, | ) ) | |
| Defendant. | ) ) | |

ASHMANSKAS, Magistrate Judge:

The matter presently before the court is the motion of Defendant United States Forest Service (USFS), to reassign this case to the Medford Division. For the reasons set forth below, the court GRANTS the defendant's motion to reassign.

## BACKGROUND

Plaintiff Siskiyou Regional Education Project (SREP) filed this action to challenge the USFS's decision concerning the Home Page Timber Sale on the Illinois Valley Ranger District of the Siskiyou National Forest. The Illinois Valley Ranger District of the Siskiyou National Forest, where the challenged action is to occur, is located in Josephine County. The Forest headquarters are located in Medford, Oregon, in Jackson County.

///

Page - 1 - Opinion and Order

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **SISKIYOU REGIONAL EDUCATION PROJECT**, | ) ) ) | CV-05-1429 |
| Plaintiff, | ) ) | Opinion and Order |
| v. | ) ) | |
| **UNITED STATES FOREST SERVICE**, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ASHMANSKAS, Magistrate Judge:

The matter presently before the court is the motion of Defendant United States Forest Service (USFS), to reassign this case to the Medford Division. For the reasons set forth below, the court GRANTS the defendant's motion to reassign.

<u>BACKGROUND</u>

Plaintiff Siskiyou Regional Education Project (SREP) filed this action to challenge the USFS's decision concerning the Home Page Timber Sale on the Illinois Valley Ranger District of the Siskiyou National Forest. The Illinois Valley Ranger District of the Siskiyou National Forest, where the challenged action is to occur, is located in Josephine County. The Forest headquarters are located in Medford, Oregon, in Jackson County.

///

Page - 1 - Opinion and Order

## LEGAL STANDARDS

**Local Rules 3.3 and 3.4**

LR 3.3 establishes four Divisions within the District of Oregon: Portland, Pendleton, Eugene, and Medford. The Portland Division includes Clackamas, Clatsop, Columbia, Hood River, Jefferson, Multnomah, Polk, Tillamook, Wasco, Washington, and Yamhill Counties; the Pendleton Division includes Baker, Crook, Gilliam, Grant, Harney, Malheur, Morrow, Sherman, Umatilla, Union, Wallowa, and Wheeler Counties; and the Medford Division includes Curry, Jackson, Josephine, Klamath, and Lake Counties.

LR 3.4(a)(1) states that cases arising in counties within either the Portland or Pendleton Divisions will be filed at the Clerk's Office in the Portland Division, and LR 3.4(a)(3) states that cases arising in counties within the Medford Division will be filed at the Clerk's Office in Medford.

## DISCUSSION

USFS argues that LR 3.4 requires the court to reassign this case to the Medford Division because the case arises out of and challenges activities within that division. SREP argues that the case arises in the Portland Division because it challenges the denial of an appeal the plaintiff filed at the Regional Forester's Office in Portland, and this denial was a final agency action.

The plaintiff relies on Headwaters v. Forsgren, Civil No. 01-1505-AS (D.Or. Dec. 2001), to support its argument. In Headwaters, the court denied the defendant's motion to transfer a case filed in the Portland Division to Judge Hogan in the Eugene Division. The court allowed the case to remain in the Portland Division, even though the case challenged a timber sale on the Rogue River National Forest, in the Medford Division. The defendant stated that the case should have been filed in the Medford Division under LR 3.4, but moved to transfer the case to the Eugene Division because it believed that Judge Hogan was particularly familiar with the facts of the case and the law. The court denied the defendant's request, noting that the defendant's argument that the Medford Division was proper did not support transfer to the Eugene Division. Headwaters differs from the current case; here, the USFS moves for reassignment to what it argues is the proper division, not to a specific Judge in a wrong division.

# LEGAL STANDARDS

**Local Rules 3.3 and 3.4**

LR 3.3 establishes four Divisions within the District of Oregon: Portland, Pendleton, Eugene, and Medford. The Portland Division includes Clackamas, Clatsop, Columbia, Hood River, Jefferson, Multnomah, Polk, Tillamook, Wasco, Washington, and Yamhill Counties; the Pendleton Division includes Baker, Crook, Gilliam, Grant, Harney, Malheur, Morrow, Sherman, Umatilla, Union, Wallowa, and Wheeler Counties; and the Medford Division includes Curry, Jackson, Josephine, Klamath, and Lake Counties.

LR 3.4(a)(1) states that cases arising in counties within either the Portland or Pendleton Divisions will be filed at the Clerk's Office in the Portland Division, and LR 3.4(a)(3) states that cases arising in counties within the Medford Division will be filed at the Clerk's Office in Medford.

# DISCUSSION

USFS argues that LR 3.4 requires the court to reassign this case to the Medford Division because the case arises out of and challenges activities within that division. SREP argues that the case arises in the Portland Division because it challenges the denial of an appeal the plaintiff filed at the Regional Forester's Office in Portland, and this denial was a final agency action.

The plaintiff relies on Headwaters v. Forsgren, Civil No. 01-1505-AS (D.Or. Dec. 2001), to support its argument. In Headwaters, the court denied the defendant's motion to transfer a case filed in the Portland Division to Judge Hogan in the Eugene Division. The court allowed the case to remain in the Portland Division, even though the case challenged a timber sale on the Rogue River National Forest, in the Medford Division. The defendant stated that the case should have been filed in the Medford Division under LR 3.4, but moved to transfer the case to the Eugene Division because it believed that Judge Hogan was particularly familiar with the facts of the case and the law. The court denied the defendant's request, noting that the defendant's argument that the Medford Division was proper did not support transfer to the Eugene Division. Headwaters differs from the current case; here, the USFS moves for reassignment to what it argues is the proper division, not to a specific Judge in a wrong division.

1   Furthermore, Headwaters was decided prior to rulings by Judges King and Haggerty about LR 3.4. In Oregon Natural Resources Council Fund v. Goodman, Judge King stated that LR 3.4 is a "mandatory requirement," and that if a plaintiff wishes to deviate from the requirement, it needs to seek leave of the Court. Transcript of Proceedings, Civil No. 04-593-AS (D.Or. May 2004). There, the plaintiff filed the case in the Portland Division because the Regional Forester, who signed an "emergency situation determination" for the challenged project, was located in Portland. The defendant moved for reassignment because the challenged timber sale was to take place within the Medford Division's boundaries. The court found the plaintiff's grounds for filing in the Portland Division insufficient, and granted defendants' motion to reassign the case to the Medford Division.

Chief Judge Haggerty followed this reasoning and reassigned another case filed in the Portland Division that challenged federal agency action to be implemented within the Medford Division's boundaries. Oregon Natural Resources Council Fund v. Brong, Civil No. 04-683-BR, Record of Order Granting Defendants' Motion to Reassign Case to Medford Division (D.Or June 2004).

The court agrees with USFS that under the Local Rules, the proper division within the District of Oregon is the Medford Division.

## CONCLUSION

The defendant's motion to reassign (#5) is GRANTED.

DATED this 20th day of October, 2005.

/s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

Furthermore, Headwaters was decided prior to rulings by Judges King and Haggerty about LR 3.4. In Oregon Natural Resources Council Fund v. Goodman, Judge King stated that LR 3.4 is a "mandatory requirement," and that if a plaintiff wishes to deviate from the requirement, it needs to seek leave of the Court. Transcript of Proceedings, Civil No. 04-593-AS (D.Or. May 2004). There, the plaintiff filed the case in the Portland Division because the Regional Forester, who signed an "emergency situation determination" for the challenged project, was located in Portland. The defendant moved for reassignment because the challenged timber sale was to take place within the Medford Division's boundaries. The court found the plaintiff's grounds for filing in the Portland Division insufficient, and granted defendants' motion to reassign the case to the Medford Division.

Chief Judge Haggerty followed this reasoning and reassigned another case filed in the Portland Division that challenged federal agency action to be implemented within the Medford Division's boundaries. Oregon Natural Resources Council Fund v. Brong, Civil No. 04-683-BR, Record of Order Granting Defendants' Motion to Reassign Case to Medford Division (D.Or June 2004).

The court agrees with USFS that under the Local Rules, the proper division within the District of Oregon is the Medford Division.

## CONCLUSION

The defendant's motion to reassign (#5) is GRANTED.

DATED this 20th day of October, 2005.

/s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

Page - 3 - Opinion and Order